IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER BAITY,

      Plaintiff,

v.                                           CASE NO. 4:10-cv-542-SPM-GRJ

LARRY CAMPBELL, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a pretrial detainee confined in the Leon County Jail, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983.  Doc. 1.  The Court granted Plaintiff leave to proceed as a pauper, and directed him to pay an initial partial filing fee by February 12, 2011.  Doc. 8.  On April 22, 2011, the Court ordered Plaintiff to show cause on or before May 6, 2011, as to why this case should not be dismissed for failure to prosecute and failure to comply with an order of the Court because Plaintiff failed to pay the initial partial filing fee.  Doc. 9.  Plaintiff failed to respond to the show cause order.  Plaintiff recently filed a document addressed "to whom it may concern" regarding evidence in his state criminal trial in June 2011, but the document does not respond to the Court's show cause order.  *See* Doc. 10.  Accordingly, this case is due to be dismissed for failure to prosecute and failure to comply with an order of the Court.

      Moreover, further review of the Complaint reflects that it should be dismissed for failure to state a claim upon which relief may be granted.  Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*,  the Court may dismiss a case at any time if

the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C § 1915(e)(2).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

Plaintiff alleges that his constitutional right of access to court and other rights are being violated by staff and officials at the Leon County Jail.  Plaintiff alleges that during the course of his criminal prosecution in Leon County, he became dissatisfied with his court-appointed counsels' performance and sought legal materials from the jail law library.  He alleges that Defendants denied him access to the law library because he is represented by counsel, and that such denial impeded his defense in his criminal case and impeded him from pursuing habeas corpus relief and conditions-of-confinement cases.

Plaintiff's allegations do not establish any violation of his right of access to court or other constitutional rights.  The Eleventh Circuit has explained that:

> The Fourteenth Amendment gives prisoners a right of access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools ... need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996); *see also Wilson*, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." *Al- Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008).
>
> A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Id*. (internal quotes and citations omitted). We have noted that missing filing deadlines is an example of an actual injury. *Wilson*, 163 F.3d at 1290 n. 10.

*Hall v. Sec'y for the Dep't of Corr.*, 304 Fed.Appx. 848, 849-50 (11th Cir.2008)

(unpublished), *cert. denied* 129 S.Ct. 2440 (2009).

In this case, Plaintiff concedes that he has been represented by appointed counsel in his criminal prosecution.  The Court concludes that under such circumstances the Complaint is frivolous because Plaintiff has little or no chance of success on a claim of constitutional deprivation of access to court stemming from denial of access to the jail law library.

In *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005), the Supreme Court held that there was no clearly established right under federal law to access to a jail law library while a pretrial detainee is proceeding as a *pro se* defendant in a criminal case. In a habeas case asserting an access-to-court claim, a district court in the Middle District of Florida noted:

> In fact, the Supreme Court has acknowledged that there is a Circuit split on the issue of whether defendants who voluntarily decline publicly funded counsel and choose to represent themselves have no constitutional right of access to a law library. *See [Kane,* 546 U.S.at 10] (acknowledging but declining to resolve issue of whether defendants who voluntarily decline publicly funded counsel and choose to represent themselves have no constitutional right of access to a law library). *See, e.g., Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996) ("having rejected the assistance of court appointed counsel, Degrate had no constitutional right to access a law library in preparing the pro se defense of his criminal trial").

*Davis v. Sec'y, Dep't of Corr.*, 2009 WL 2252329, at *7 (M.D.Fla. 2009) (unpublished). Extrapolating *Davis* in the context of a civil rights case raising an access-to-court claim similar to the instant case, another district court in the Middle District of Florida concluded that:

> Although this is a civil rights action, the same reasoning applies; there is no constitutional right to access a law library in preparing a *pro se* defense in a criminal case. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996) (per curiam) (in a § 1983 action, finding no constitutional right to access a law library in preparing a *pro se* defense in a criminal trial upon the defendant's rejection of the assistance of court-appointed counsel).

> "The offer of court-appointed counsel satisfies a state's obligation to provide meaningful access to the courts." *Daker v. Ferrero,* No. 1:03-CV-2526-RWS, 2008 WL 822190, at *11 (N.D.Ga. Mar.26, 2008) (not reported in F.Supp.2d). Plaintiff has not asserted that Florida failed to meet its obligation to offer court-appointed counsel to assist him in defense of the state criminal charges. Simply by offering counsel, a state meets its obligation. Plaintiff does not have a "constitutional right to choose between an offer of counsel and an adequate prison law library." *Id*. at *12.

*Singleton v. FS No. 7084,* ___ F. Supp. 2nd ____,  2011 WL 617942, *3  (M.D.Fla. Feb. 15, 2011).

The Court finds this reasoning highly persuasive and concludes that Plaintiff in this case did not have a constitutional right to an adequate law library at the Leon County Jail in connection with his counseled criminal proceedings.

To the extent that Plaintiff alleges that he was denied access to court to pursue habeas corpus relief and to challenge his conditions of confinement, the Court concludes that Plaintiff still fails to state a claim for relief because he has made no factual allegations showing an actual injury caused by the actions of jail officials.   He merely alleges that he was denied legal materials.  *See* Doc. 1.  In the absence of any allegation of actual injury, his claim must fail.  *See Wilson*, 163 F.3d at 1290-91.   The Court takes judicial notice of the fact that Plaintiff successfully gained access to court by way of the instant conditions-of-confinement case, and also gained access to court to pursue a federal habeas corpus petition, although that case was summarily dismissed for failure to exhaust state remedies.  *See Baity v. Campbell*, Case No. 4:10-cv-553-SPM/WCS Doc. 10 (6/29/11) (adopting Report and Recommendation).

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Complaint, Doc. 1, be **DISMISSED** for failure to prosecute and failure to comply with an order of

the Court, and as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(i) & (ii). Plaintiff should be warned that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C § 1915(g), and that if Plaintiff accumulates three strikes he will not be permitted to bring a civil action *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury.

**IN CHAMBERS** this 13th day of July 2011.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**